NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-1009

WILLIAM MATHEWS, HUSBAND AND
WIDOWER OF DECEDENT, GERANDA
MATHEWS

VERSUS

LOUISIANA STATE UNIVERSITY
HEALTH SYSTEMS, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-0041-B
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

JAMES T. GENOVESE

JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese,
Judges.

MOTION TO DISMISS APPEAL DENIED.

**Hon. James David Caldwell**
**Attorney General**
**Post Office Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6200**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Louisiana State University Health Systems**
    **d/b/a W.O. Moss Regional Medical Center**

**Lewis Olivier Lauve, Jr.**
**Special Assistant Attorney General**
**Bussey & Lauve, LLC**
**Post Office Drawer 8778**
**Alexandria, LA 71306**
**(318) 449-1937**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Louisiana State University HealthSystems**
    **d/b/a W. O. Moss Regional Medical Center**

**Sera Hearn Russell, III**
**Attorney at Law**
**Post Office Box 53866**
**Lafayette, LA 70505-3866**
**(337) 237-7171**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **William Mathews**

**GENOVESE, Judge.**

Plaintiff-Appellee, William Matthews, moves to dismiss the unlodged appeal of the Defendant-Appellant, Louisiana State University Health Systems d/b/a W.O. Moss Regional Medical Center. For the following reasons, we deny the motion to dismiss the appeal.

This case involves a medical malpractice action filed by Plaintiff on behalf of his late wife, Geranda Matthews. On July 13, 2009, Mrs. Matthews presented to Defendant hospital with complaints of pain from a condition that turned out to be lung cancer. Allegedly, two physicians at Defendant's hospital failed to properly diagnose and treat the condition through April 15, 2010. It is also alleged that the failure to properly diagnose and treat Mrs. Matthews resulted in the cancer attaching to her spinal cord causing excruciating pain. Mrs. Matthews became paralyzed and eventually died. When the claim was submitted to a medical review panel, the panel unanimously found that the doctors involved had breached the standard of care. Thereafter, Plaintiff filed the instant medical malpractice lawsuit.

Also, Plaintiff filed a motion for summary judgment on the issues of liability, causation, and damages. Defendant opposed the motion for summary judgment as it pertains to the issues of causation and damages. Specifically, Defendant asserted there is a genuine issue of material fact as to the extent that a pre-existing condition may have contributed to Mrs. Matthews' damages. Following a hearing, the trial court granted summary judgment on the issues of liability and causation of damages, but reserved the issue of quantum of damages for a later motion for summary judgment or trial. A judgment to that effect was signed on June 19, 2015.

Previously, Defendant sought review of the June 19, 2015 judgment in a writ application, which was filed under this court's docket number 15-726. This court

court found that the June 19, 2015 judgment is an appealable judgment under La.Code Civ.P. art. 1915(A)(5). This court found that Defendant's notice of intent to seek supervisory writs would have been timely filed as a motion for appeal. Therefore, since the appeal delays had subsequently run, this court ordered that the notice of intent be considered as a timely motion for appeal and remanded the case for Defendant to comply with the other requirements for taking an appeal.

At this time, Plaintiff has filed a motion to dismiss an unlodged appeal. However, after Plaintiff's motion to dismiss was filed, the appeal record was lodged in this court under docket number 15-1019. Since the appeal has been lodged, we will consider Plaintiff's motion as simply a motion to dismiss an appeal, rather than a motion to dismiss an unlodged appeal. Plaintiff moves to have the appeal dismissed on the ground that Defendant failed to submit any evidence in opposition to Plaintiff's motion for summary judgment.

Defendant filed an opposition to Plaintiff's motion to dismiss the appeal. Defendant asserts that Plaintiff's motion to dismiss actually addresses the merits of the appeal. Defendant contends that although Plaintiff submitted the opinion of the medical review panel as well as the affidavit of Dr. Andrew Harwood in support of his motion for summary judgment, Dr. Harwood's affidavit and the opinion of the medical review panel fell short of stating that the alleged breach was the sole cause of the damage to Plaintiff's late wife. Also, Defendant contends that it is uncontested that Mrs. Matthews already had cancer at the time when she first went to Defendant hospital for treatment. As such, Defendant maintains that there is a genuine issue of material fact as to whether the pre-existing cancer caused or contributed to the Plaintiff's damages. Defendant contends that Plaintiff bears the burden of proof whether at the summary judgment stage or at trial. Also,

Defendant asserts that no countervailing affidavit is necessary to point out Plaintiff's inability to prove that the alleged breach of conduct was the sole cause of the damages sustained by Mrs. Matthews.

We find that Defendant is correct in its assertion that Plaintiff's motion to dismiss the appeal for failure to submit countervailing evidence goes to the merits of the appeal and should be addressed when we review the appeal on the merits. Therefore, we hereby deny Plaintiff's motion to dismiss the appeal.

**MOTION TO DISMISS APPEAL DENIED**.

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.